UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA LESCHINSKI, as Personal Representative of the Estate of Joseph Leschinski,<br><br>    Plaintiff,<br><br>v.<br><br>TOWNSHIP OF CANTON, et al.,<br><br>    Defendants. | Case No. 24-cv-10012<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Rebecca Leschinski commenced this 42 U.S.C. § 1983 wrongful death action on behalf of her husband's estate. She names, among others, Wellpath, LLC and its employees Jessica Candace-Ebony-Davis, Clarisse Carter, Charletta Dennis, Lilian Ekechukwu, Timothy Hayes, and Angela R. Latham as party defendants (the "Wellpath Defendants"). The second amended complaint alleges that the Wellpath Defendants failed to treat Leschinki's husband's withdrawal from severe alcohol intoxication at the Wayne County jail in violation of the Fourteenth Amendment to the United States Constitution.

Before the Court is Leschinski's motion for reconsideration of the portion of the September 16, 2025 order dismissing the allegations in the second amended complaint asserted against the individual Wellpath Defendants. (ECF Nos. 82, 86). The Wellpath Defendants responded in opposition. (ECF No. 88).  Leschinski filed a reply. (ECF No. 89).  The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(h)(3).

When seeking reconsideration of a non- final order, the moving party must demonstrate that:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).  Leschinski's motion falls into the first category, but for reasons of her own attorneys' inattention.

Leschinski seeks reconsideration on the ground that the Court dismissed all the Wellpath Defendants – including the individual Wellpath Defendants – when the underlying motion to partially dismiss the second amended complaint sought dismissal of Wellpath, LLC only. (ECF No. 86, PageID.1336-39).  But the caption to the dismissal motion's supporting brief reads:

2

**BRIEF IN SUPPORT OF DEFENDANTS WELLPATH, L.L.C., SARA BREEN, L.P.N., TANIA HOIST, R.N., AND KENNETH DEBUS, R.N.'S, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

(ECF No. 80, PageID.1244).  So the substance of the partial motion to dismiss did encompass both Wellpath, LLC *and* individual Wellpath employees, although they are incorrectly designated from another unrelated Wellpath case.[1]  And Leschinki's counsel never objected to the motion or sought further clarification about the correct identity of the moving defendants.

For its part, the Court forgave the error as a scrivener's oversight and took it to mean that Wellpath intended to seek dismissal of all the Wellpath Defendants *in this case*.

In response to Leschinki's reconsideration motion, Wellpath's counsel now concedes that he intended the partial motion to dismiss to encompass Wellpath, LLC only. (ECF No. 88, PageID.1363).  He *did not* wish to include the individual Wellpath Defendants as well, even though they are identified as movants in the caption to the dismissal motion's supporting brief (albeit, incorrectly, as they are individual Wellpath employees from another unrelated Wellpath case).  So it appears

---

[1] Sara Breen, Tania Hoist, and Kenneth Debus are the individual Wellpath employees who are being sued in *Poronto v. Hoist*, Case No. 24-cv-10522.  The undersigned is also the district judge assigned to adjudicate that case.

3

that Wellpath's counsel did not thoroughly review his own motion before filing it to the docket.

To sum up, we have two sets of attorneys.  Leschinski's counsel, who opted not to oppose the partial motion to dismiss because they mistakenly believed the motion applied to Wellpath, LLC exclusively.  And Wellpath's counsel, who did not sufficiently review his own motion to dismiss before filing it to the docket.

At any rate, Ms. Leschinki shouldn't have to suffer for all this.  She has now submitted uncontested proof that she did, in fact, opt-out of Wellpath's chapter 11 bankruptcy plan and objected to the third-party release. (ECF No. 86-1).  So the most equitable way to proceed is to vacate the portion of the September 16, 2025 order dismissing the individual Wellpath Defendants from this lawsuit.  The individual Wellpath Defendants will be permitted, however, to renew their motions to dismiss the second amended complaint on an expedited basis.  Accordingly,

IT IS ORDERED that Leschinski's motion for reconsideration (ECF No. 86) is granted.

IT IS FURTHER ORDERED that the portion of the September 16, 2025 order (ECF No. 82) dismissing the individual Wellpath Defendants from this lawsuit is, hereby, vacated.

4

IT IS FURTHER ORDERED that the Clerk of the Court is directed to restore Jessica Candace-Ebony-Davis, Clarisse Carter, Charletta Dennis, Lilian Ekechukwu, Timothy Hayes, and Angela R. Latham to the docket as party defendants.

IT IS FURTHER ORDERED that the individual Wellpath Defendants, if they choose, may have **7 days** from the date of entry of this order to renew their motions to dismiss the second amended complaint.

IT IS FURTHER ORDERED that, in the event the individual Wellpath Defendants move to dismiss the second amended complaint, the timeframes for submitting any response or reply briefs must adhere to E.D. Mich. LR 7.1(e).

IT IS FURTHER ORDERED that the Court **will not entertain** any requests to modify the above briefing schedule.

Dated: April 17, 2026                     s/ Robert J. White
                                          Robert J. White
                                          United States District Judge